UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
    Arnold Campney and
    Peggy A. Campney,                                  Chapter 7
            Debtors.                                  Case # 12-10961

Filed & Entered
On Docket
July 18, 2013

_____

ORDER
GRANTING RELIEF FROM STAY
TO ALLOW FORECLOSURE TO PROCEED

       On December 27, 2012, Provident Funding Associates, L.P. (hereafter "Provident") filed a motion for relief from the automatic stay (doc. # 5) to continue a foreclosure action against the Debtors' primary residence, located at 266 Creek Road, Clarendon, Vermont (the "Property"). Provident averred in its motion that the Debtors had executed a promissory note on March 26, 2007 in the original principal amount of $310,000 in favor of E-Loan, Inc., and Provident subsequently had taken possession of, and interest in, the note through assignment. Provident also asserted that the Debtors were behind in payments, that a title search revealed five additional liens for a total of $443,460.58 in encumbrances against the Property, that the Debtors' petition valued the Property at $399,000.00, and therefore that Provident's interest was not adequately protected and there was cause for relief from stay.

       On January 9, 2013, Joan Campney filed a response in opposition to Provident's motion for relief from stay (doc. # 15), requesting the Court deny Provident's motion and find Provident to be an unsecured creditor. Ms. Campney acknowledged that Provident was the plaintiff in a pending foreclosure action in Superior Court, but pointed out that it was the fourth suit Provident had filed[1] seeking to foreclose on the Property, and that the Honorable Mary Miles Teachout, of the Rutland Superior Court,

---

[1] Ms. Campney recounted the tortured history of this foreclosure suit to include three dismissals of Provident's attempts to foreclose on the Property: the first foreclosure action was "voluntarily non-suited by Provident," the second action was dismissed by the Court due to Provident's failure to prosecute its case, the third action was dismissed for similar reasons, and the fourth action was dismissed against her, on her motion. Ms. Campney also asserted that the current foreclosure action only persists because the Debtors did not seek dismissal under Rule 41. The procedural history is more specifically articulated in Judge Teachout's decision, a copy of which is attached to this Order as Exhibit 1.

1

had issued a decision on June 26, 2012 denying Provident the right to foreclose on Ms. Campney's interest[2] (doc. #15, Ex. # 1) (the "State Court Order"), a copy of which is attached hereto as Exhibit 1. Ms. Campney argued that, based on the proceedings in the Superior Court, and the Supreme Court's decision not to entertain an appeal of the State Court Order, it was in the best interest of the Debtors, and all of the Debtors' creditors, for this Court to deny Provident's request for relief from stay and for it to determine the priority and validity of the Provident lien..

On January 9, 2013 and January 11, 2013, the chapter 7 case trustee and the Debtors, respectively, filed objections to Provident's motion for relief from stay in which both parties adopted the rationale set forth in Ms. Campney's objection (doc. ## 16, 19). In addition, the Debtors asserted that if the Court denied relief from stay, and treated the Provident debt as unsecured, the Debtors would have sufficient equity in the Property to create a dividend for the Debtors' general unsecured creditors (doc. # 19).

On January 23, 2013, Provident filed a stipulated motion on behalf of all parties to continue the hearing on the motion for relief from stay from January 25, 2013 to February 19, 2013, which the Court granted (doc. ## 23, 25). Among other reasons for more time, the parties recited that they "were discussing a sale of the property as a means to help resolve the inter-creditor dispute" (doc. # 23). On January 29, 2013, Provident filed a reply to the three objections (doc. # 27), arguing that the objections should be overruled because the State Court Order "pertained solely to [Ms. Campney's] interest in the Property" and did not affect the Debtors or impact the validity of Provident's mortgage lien on the Property. Provident also indicated that it intended to appeal the State Court Order with respect to Ms. Campney's interest. Provident concluded by arguing that any attack on its status as a secured creditor in this case was improper because none of the parties had filed an adversary proceeding to challenge the validity of its lien, as is required by Bankruptcy Rule 7001(2)[3].

At the hearing on February 19, 2013, the parties indicated they had preliminarily discussed a settlement under which the trustee would sell the Property and distribute the proceeds through the bankruptcy case, and they would like additional time to explore that option further. Provident pointed out that the parties first needed a proper valuation of the Property, and, before a sale could take place, they needed to reach a consensus on how the proceeds would be distributed among the numerous junior lien holders. Provident also reiterated its arguments in support of relief from stay. The Court continued the matter to March 26, 2013 to allow the parties more time to pursue a settlement through a valuation and

---

[2] Schedule D lists Ms. Campney as a secured creditor holding a second lien on the Debtors' residence for $38,677.95.

[3] Rule 7001 sets forth a list the types of proceedings that must be initiated through an adversary proceeding and includes "(2) A proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d) [relating to certain objections to discharge not relevant here]"  Fed. R. Bankr. P. 7001(2).

2

sale of the Property. The parties subsequently filed a stipulation to continue the hearing to April 12, 2013 (doc. # 37).

At the hearing on April 12, 2013, the parties indicated the appraisal would not be ready for at least two more weeks and they anticipated they would probably be able to reach a settlement once they obtained a reliable valuation figure. The Court ordered the Debtors to cooperate with the appraisers and continued the matter until May 21, 2013. At the hearing on May 21, 2013, Provident informed the Court that the appraisal of the Property had been completed and circulated to all interested parties and no one had objected to the appraiser's conclusion. The trustee stated he had made a settlement offer to Provident based upon the sale of the property and the Property was currently listed for sale. The trustee also indicated that the Debtors seemed inclined to accept the settlement agreement, and the parties were still evaluating the value, if any, of the junior lien holders'[4] interests in the Property. Provident disclosed it was preparing to make a counter offer; it appeared the case was headed for a settlement. At the parties' request, the Court continued the matter to July 16, 2013.

At the hearing on July 16, 2013, Provident reported that the Property had been appraised at $340,000.00, the balance owed on Provident's mortgage was approximately $370,000.00, the total value of the liens against the Property was approximately $411,000.00, and if the Property were sold through the bankruptcy case there would need to be some funds set aside for unsecured creditors (a "carve-out") and a commission paid to the trustee. Its conclusion was that it would likely recover less though the bankruptcy sale than it would in the foreclosure action. Based upon these facts and figures, Provident announced it was rejecting the trustee's settlement offer. Provident contended the uncontested value of the Property and assessment of the liens against the Property made clear that it was entitled to relief from stay under 11 U.S.C. § 362(d). Thus, it renewed its request for that relief so it could pursue the foreclosure action in the Superior Court and file an appeal of the State Court Order.[5]

At this hearing, all of the parties identified the key issue in this contested matter to be the scope and meaning of the State Court Order, and in particular, the impact of that Order on the rights of the chapter 7 trustee, Ms. Campney and Provident. Construing and applying that Order in this bankruptcy case would require this Court to address several questions, including: Is Provident still a secured creditor? If so, is its interest in the Property subordinate to the interest of Ms. Campney? Is Provident permanently estopped from foreclosing Ms. Campney's interest? Or, does the State Court Order effectively strip Provident's lien and render Provident wholly unsecured as to the Property?[6] Ms. Campney urged this

---

[4] These are the liens that are junior to the interest of both Provident and Ms. Campney in the Property.

[5] Ms. Campney has filed a copy the Vermont Supreme Court's order denying Provident's interlocutory request for permission to appeal the State Court Order, see doc. # 37; Provident has asserted it will seek appellate review in the future.

3

Court to exercise its equitable powers and declare the rights of the parties under the State Court Order. However, under these facts and circumstances, and out of respect for State law, the Court finds it most appropriate to abstain from making those determinations.[7] The State court is more familiar with the facts and procedural history of Provident's many attempts to enforce its rights against the Property, and is in the midst of an active foreclosure action. It is best situated to determine the nature, validity and priority of Provident's rights against the Property. Moreover, in light of the time that has passed while the parties were attempting to resolve their inter-creditor disputes, this Court does not believe that deferring to the State court to make this determination would cause an undue delay in the administration of the bankruptcy case.

If the State court determines that Provident does not have the right to foreclose any interest against the Property and dismisses the foreclosure action, then the trustee will administer the Property, as property of the bankruptcy estate, through the bankruptcy case. Alternatively, if the State court determines that Provident has the right to foreclose its interest against the Property, then the foreclosure action will proceed and it is unlikely the bankruptcy estate will have any interest in the Property to administer.

In sum, THIS COURT FINDS it is consistent with 28 U.S.C. § 1334(c), most practicable, and in the best interest of the bankruptcy estate, for the State court to determine the relative rights of the parties who claim a lien on the Property, and in particular, to determine the rights of Provident vis a vis the Property.

THE COURT FURTHER FINDS that Provident has demonstrated cause for relief from stay to continue the pending foreclosure action pursuant to 11 U.S.C. § 362(d).

Accordingly, IT IS HEREBY ORDERED that Provident's motion for relief from stay is granted to allow Provident to proceed with the foreclosure action against the Property and obtain a final determination as to the nature, validity and priority of Provident's interest in the Property.

IT IS FURTHER ORDERED that the case trustee shall enter his appearance, and participate to the extent necessary to advance and protect the bankruptcy estate's interests in the Property, in the State court foreclosure action.

IT IS FURTHER ORDERED that once the State court determines the nature, validity and priority of Provident's interest in the Property, Provident shall promptly notify this Court by filing in this bankruptcy case a copy of that State court decision; and if the State court determines Provident has no

---

[6] In this event, there would be equity in the Property which the trustee would liquidate and disburse to all unsecured creditors *pro rata*.
[7] "Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district [or bankruptcy] court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1).

right to enforce its rights against the Property, the trustee shall set a status conference in this case to establish a procedure for determining the validity and priority of the various liens against the Property and the most expedient means for liquidating the Property.

    SO ORDERED.

Burlington, Vermont  
July 18, 2013

Colleen A. Brown  
United States Bankruptcy Judge

Exhibit #1

## STATE OF VERMONT

**SUPERIOR COURT**  
Rutland Unit

**CIVIL DIVISION**  
Docket No. 2-1-12 Rdcv

**PROVIDENT FUNDING ASSOCIATES, L.P.,**  
    Plaintiff

v.

**ARNOLD and PEGGY CAMPNEY, et al.,**  
    Defendants

CONFORMED COPY  
VERMONT SUPERIOR COURT  
JUN 27 2012  
RUTLAND

## DECISION
### Defendant Joan Campney's Motion to Dismiss, filed January 24, 2012

    Defendant Joan Campney moves to dismiss Plaintiff's Complaint on the grounds that Plaintiff's present claim has previously been dismissed and may not be brought again under Rule 41 of the Vermont Rules of Civil Procedure. Defendant Joan Campney is represented by John J. Welch, Jr., Esq. Plaintiff Provident Funding Associates, L.P. is represented by Andrew H. Montroll, Esq.

    Plaintiff brings this action for foreclosure on a note and mortgage executed by Defendants Arnold and Peggy Campney. Defendant Joan Campney is a junior lien holder. This is the fourth foreclosure action that Plaintiff has filed based on alleged default under the note. The first action, *Provident Funding Associates, L.P. v. Campney*, No. 812-10-08 Rdcv, was dismissed without prejudice on Plaintiff's initiative on January 7, 2009. The second action, *Provident Funding Associates, L.P. v. Campney*, No. 563-8-09 Rdcv, was dismissed by the Superior Court on January 12, 2010, because of Plaintiff's failure to prosecute its case. The Court stated that Plaintiff lacked standing to foreclose because of its failure to produce an endorsed note   The third action, *Provident Funding Associates, L.P. v. Campney*, No. 917-12-10 Rdcv, was dismissed by the Superior Court on August 10, 2011, because of Plaintiff's failure to prosecute its case; Plaintiff had failed to serve its First Amended Complaint on Defendants. The Court denied a Plaintiff's motion to reopen because Plaintiff had not cured a number of problems nor responded to a notice of dismissal.

    Defendant argues that the doctrine of res judicata bars Plaintiff's present attempt to bring this claim. Defendant's argument is premised on the interplay between V.R.C.P. 41(b)(2) and V.R.C.P. 41(b)(3). Rule 41(b)(2) allows a defendant to move for the dismissal of an action for failure of the plaintiff to prosecute or to comply with a court order.

    Defendant relies on Rule 41(b)(3) which provides:

1

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

V.R.C.P. 41(b)(3). Normally, this rule functions to bar "further litigation of the same cause of action seeking the same relief between the same parties." *Cody v. Cody's Estate*, 134 Vt. 113, 115 (1976). The Vermont Supreme Court has stated in reference to Rule 41(b)(3) that "the adjudication should be seen as having resolved only the merits of what was actually adjudged." *Pennconn Enters. Ltd. v. Huntington*, 148 Vt. 603, 609-10 (1987). In *Costello v. United States*, 365 U.S. 265, 286 (1961), the Court held that preclusive dismissal under F.R.C.P. 41(b)(3) is appropriate where the defendant must incur the inconvenience of preparing to meet the merits. The Court's analysis in *Costello* has not been accepted as entirely well-founded, however. 18A Fed. Prac. & Proc. Juris. § 4435 (2d ed.)

The Vermont Supreme Court recently had the opportunity to discuss the operation of V.R.C.P. 41(b)(3) in the context of a foreclosure case. In *U.S. Bank Nat'l Ass'n v. Kimball*, the Court held that a plaintiff, where its foreclosure complaint had been dismissed for a lack of standing at time of filing suit, could not be precluded from pursuing foreclosure on the merits later should it be able to prove the necessary elements. 2011 VT 81, ¶ 22. The Court made it clear that dismissal for lack of standing does not cancel the underlying note or mortgage obligations or make them unenforceable for later breaches: "[a]bsent adjudication on the underlying indebtedness, the dismissal cannot cancel [the debtor's] obligation arising from an authenticated note, or insulate her from foreclosure proceedings based on proven delinquency." *Id.* at ¶ 22-23.

The question raised in the present motion is not whether this suit may proceed against the mortgagor defendants, but whether the dismissal in the third case was of a nature that Plaintiff should be precluded from seeking foreclosure in this fourth attempt against Defendant Joan Campney, who is a junior lienholder.

Plaintiff argues that in this case, unlike the situation in *Cody v. Cody's Estate*, it has not simply refiled a claim identical to the one that was dismissed. Rather, it contends that further defaults have occurred since the previous claim was filed, making the current foreclosure claim a new claim. See, e.g., *Cowan v. MTGLQ Investors, L.P.*, No. 2:09-cv-472-FtM-29SPC, 2010 WL 3701779, at *4 (M.D. Fla. Sept. 14, 2010) ("[T]he fact that a prior mortgage foreclosure action was dismissed with prejudice does not preclude a subsequent foreclosure action for later defaults."). This is consistent with the holding in *Kimball*. That does not resolve the issue of whether the action should be dismissed as it pertains to Joan Campney, who is a junior lienholder.

There is an extensive discussion in Federal Practice and Procedure of the difficulty and complexity of determining whether specific involuntary dismissals on procedural grounds should preclude subsequently filed actions under Rule 41(b). 18A

2

Fed. Prac. & Proc. Juris. § 4435 (2d ed.) Applying the suggestion in that treatise that analysis should be based on particularized legal contexts, this case is governed by the opinion of the Vermont Supreme Court in *Kimball*, in which the Court denied preclusive effect of the trial court's dismissal with prejudice of the foreclosure action against mortgagor defendants, but recognized that the trial court has discretion to exercise equitable powers if based on specific findings. In reversing the trial court dismissal with prejudice, the Court noted that the trial court failed to make specific findings as a basis for its ruling that the dismissal should be with prejudice.

In this situation, the record shows undisputed facts that support dismissal with prejudice. Joan Campney has hired counsel for each of the four times the complaint has been filed against her. In the first case, through her attorney she challenged Plaintiff's standing, and Plaintiff dismissed its case. In the second case, she again obtained counsel, and again the case was dismissed for failure to prosecute when Plaintiff did not establish standing.

In the third case, the critical one for purposes of this analysis, she again hired counsel and filed a verified Answer and Counterclaim. The case was filed on December 7, 2010. On June 17, 2011, the Court issued a notice of potential dismissal pursuant to V.R.C.P. 41(b)(1)(iii) giving notice that unless good cause was shown for continuance by July 22, 2011, over seven months after filing, the case would be dismissed for failure to complete service on the defendants. Plaintiff filed nothing, and on August 10, 2011, the case was dismissed. Plaintiff subsequently filed a motion to reopen the case. A hearing was held to give Plaintiff the opportunity to show good cause, and Joan Campney was represented at that hearing by her lawyer. The Court denied the motion as good cause to reopen was not shown for specific reasons identified in the record.

Joan Campney has had to hire an attorney and respond to legal issues in three prior cases brought against her in which the Plaintiff was not prepared to proceed, and her attorney was obliged to attend a hearing in the third case at which the Plaintiff did not show good cause to reopen after the case was dismissed. In all cases the court was prepared to reach the merits of the case but Plaintiff was not prepared. The third case was dismissed based on the Plaintiff's own failure to pursue its case in accordance with the requirements of the Rules of Civil Procedure, even after a Notice of Potential Dismissal from the court. Joan Campney has incurred the inconvenience of preparing to meet the merits and she has incurred significant expense and inconvenience of hiring an attorney. In the third case in particular, the Plaintiff, after failing to show standing on two prior occasions, did not even properly serve the defendants as required by the rules, and did not respond on time to the Court's notice of potential dismissal when that was called to Plaintiff's attention.

As the Court noted in *Kimball*, foreclosures are equitable proceedings in which the trial court has some discretion, and plaintiffs seeking equitable relief against a defendant must have "clean hands." Based on the specific findings showing that Plaintiff has repeatedly filed unprepared cases against Joan Campney, calling upon her to have to hire counsel and incur attorneys fees to address the merits only to fail to meet its

3

own obligations and thereby imposing unnecessary costs on Defendant Campney, the Court concludes that there is no good reason to permit Plaintiff to pursue yet another case against her. She does not have a debt obligation to Plaintiff, but has been inconvenienced and financially disadvantaged by Plaintiff's actions. The equities call for the Court to exercise its discretion to preclude Plaintiff from obtaining foreclosure relief against Joan Campney's interest in the property on which it may hold a mortgage.

For the foregoing reasons, Joan Campney's Motion to Dismiss the suit against her is granted. Thus Plaintiff is precluded from foreclosing against her interest in the property. This does not affect other defendants.

## ORDER

Defendant Joan Campney's Motion to Dismiss is *granted*.

Dated this 26th day of June, 2012.

_____
Hon. Mary Miles Teachout
Superior Court Judge

4